1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

FIDENCIO RODRIGUEZ HERNANDEZ,                )
                                             )
8                    Petitioner-Defendant,   )      Case No. C10-1674-JLR-BAT
                                             )             (CR09-414-JLR)
9          v.                                )
                                             )
10   UNITED STATES OF AMERICA,               )      REPORT AND
                                             )      RECOMMENDATION
11                   Respondent-Plaintiff.   )
                                             )
12   _____)

13                         **INTRODUCTION**

14          Petitioner, Fidencio Rodriguez Herndandez, filed a 28 U.S.C. § 2255 motion to vacate or

15   correct the twenty month sentence the Court imposed on March 22, 2010 in CR09-414-JLR.  Dkt.

16   1.[1]  He argues his sentence was imposed in violation of the law and requests resentencing "by a

17   period of up to 18 months."  *Id.* at 17.  This matter has been referred to United States Magistrate

18   Judge Brian Tsuchida.  Dkt. 4.  Because petitioner waived his right to appeal or bring a collateral

19   attack against his conviction and sentence, and his claims that his sentence violates the law are

20   meritless, the Court recommends the § 2255 motion be **DENIED** and that the case be

21   **DISMISSED**.

22

23   _____
     [1] Dkt. refers to C10-1674-JLR-BAT; CR. refers to CR09-414-JLR, the underlying criminal
     conviction.

     REPORT AND
     RECOMMENDATION – 1

# BACKGROUND

## I.  Criminal Proceedings

After entering into a plea agreement, petitioner pled guilty to two counts of unlawful entry by eluding examination and inspection by immigration officers under 8 U.S.C. § 1325(a)(2).  CR. 14.   As part of the plea agreement, petitioner agreed that he had a base offense level of 8 under USSG § 2L1.2(a) and that it should be increased sixteen levels because of his prior felony drug trafficking conviction for which he received a fifteen month prison sentence.  *Id.* at 5.  The plea agreement reveals that the advisory Guideline range was forty-one to fifty-seven months of imprisonment.  *Id.*  However, the crimes petitioner pled guilty to have a combined statutory maximum of thirty months, and the government agreed in paragraph seven of the plea agreement to recommend a sentence of imprisonment of twenty-nine months.  *Id*. at 5-6.  The Plea Agreement signed by petitioner also contained an appeal waiver which states:

> As part of this Plea Agreement, and on the condition the Court imposes a custodial sentence that does not exceed the twenty-nine (29) month sentence recommended by the government at paragraph 7 above, Defendant waives to the full extent of the law:
>
> a.  any right conferred by Title 18, United States Codes, Section 3742 to appeal the sentence, including any restitution order imposed; and
>
> b.  any right to bring a collateral attack against the conviction and sentence including any restitution order imposed, except as it may relate to the effectiveness of legal counsel.

*Id.* at 8.

On March 22, 2010, petitioner appeared for sentencing.  CR. 21.  The government submitted a sentencing memorandum recommending a total sentence of twenty-four months in prison.  CR. 19 at 3.  After reviewing the probation department's presentence report, the government submitted that it would be appropriate for the court to impose a sentence that was lower than the recommendation

REPORT AND
RECOMMENDATION – 2

1   contained in the plea agreement.  The government deemed a lower sentence appropriate because

2   petitioner had only one prior drug offense and it was a seven year-old conviction.  Yet, this single

3   offense had significantly increased the Guideline range.  *Id.* at 4.  Petitioner submitted a sentencing

4   memorandum recommending a sentence of twelve months and one day.  CR. 18 at 1.  In his

5   sentencing memorandum, petitioner acknowledged the Guideline range for his offenses was at or in

6   excess of forty-one to fifty-one months.  *Id.* at 2.  However, petitioner argued a substantial variance

7   from that range was appropriate because: (1) twelve months is a sentence that is sufficient but not

8   greater than necessary to meet the statutory purposes of sentencing; (2) his personal history and

9   characteristics support the sentence; (3) the sentence is sufficient to deter petitioner from

10  committing future crimes and to protect the public; (4) the sentence would promote respect for the

11  law and is just punishment under the circumstances; and (5) the sentence would prevent petitioner

12  from getting an unwarranted disparate sentence.  *Id.* at 3-16.

13      The Court sentenced petitioner to a total of twenty months of imprisonment and the

14  mandatory $110 special assessment, but waived imposition of a fine.  CR. 21.  Petitioner did not

15  file a direct appeal.  *See* Dkt. 1.

16  **II.   Section 2255 Proceedings**

17      On October 13, 2010, petitioner filed the present § 2255 motion.  He raises the following

18  claims for relief:

19          1)  The district court failed to comply with Fed. R. Crim. P. 11, and
            the U. S. Constitution in taking Movant's guilty plea by advising
20          him of his rights, by assuring that his plea was knowing and
            voluntary(by, inter, alia, accurately informing him of the full range
21          of punishment to which he was exposed), and assuring that there
            was an adequate factual basis for his plea. And, there was breach of
22          the plea agreement justifying reversal of Movant's conviction or
            sentence. Accordingly, because the record indicates that defendant's
23          plea was unknown, non-understandingly, and in voluntarily made

REPORT AND
RECOMMENDATION – 3

and factually supported, there is basis for reversal of his conviction. Likewise colorable base exist to attack the sentence.

2)  Movant's within-guideline sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18. U. S. C. § 3553(a).

3)  The sentencing court committed reversible error, and Movant unknowingly, and involuntarily waived his right to appeal his sentence as part of the plea agreement.

4)  Movant's ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court.

5)  36-months sentence of imprisonment imposed by the court was unreasonable, where it: derived from in anomalous guideline provision exclusively basis offense level increases on prior convictions; did not reflect the unique indicating circumstances underlying movant for having just one prior conviction; and punished movant for just one presumption of illegal possession than the bare minimum number of involvement that occurs in any drug possession.

6)  The District Court erred by concluding that movant's conviction for simple assumed involvement of possession was a trafficking offense, and there are for an aggravated felony under guideline § twoL1.2(b)(1)(c). In the absence of state recidivist proceedings.

Dkt. 1.

## DISCUSSION

## I.   Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set

aside or correct the sentence on the grounds that the sentence was imposed in violation of the

Constitution or laws of the United States.  "A district court must grant a hearing to determine the

validity of a petition brought under that section, '[u]nless the motions and the files and records of

the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20

REPORT AND
RECOMMENDATION – 4

1 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The Court may deny a hearing if the

2 prisoner's allegations fail to state a claim for relief or "are so palpably incredible or patently

3 frivolous as to warrant summary dismissal."  *United States v. McMullen*, 98 F.3d 1155, 1159 (9th

4 Cir. 1996).

5 **II.      Petitioner Waived His Right To Collaterally Attack His Sentence**

6          Petitioner signed a Plea Agreement waiving his right to appeal or collaterally attack his

7 sentence.  A criminal defendant's waiver of his right to appeal or collaterally attack his sentence is

8 enforceable if "(1) the language of the waiver encompasses the defendant's right to appeal on the

9 grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made."  *United States*

10 *v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (internal citations and quotations omitted).

11          Petitioner's Plea Agreement contains a clear and unambiguous waiver of the right to

12 appeal or bring a collateral attack, so long as the sentence imposed did not exceed the agreed-upon

13 twenty-nine months.  CR. 14 at 8.  Petitioner received a twenty month sentence, thus the waiver of

14 his appeal rights applies with full force.

15          Petitioner claims his appeal waiver was "involuntary," but presents nothing to support this

16 unfounded allegation.  Dkt. 1 at 8.  When a § 2255 petitioner makes such bald assertions, a district

17 court has the discretion to dismiss the motion without an evidentiary hearing.  *Cf. United States v.*

18 *Howard*, 381 F.3d 873, 879 (9th Cir. 2004) (where a petitioner's claim of incompetence is bald,

19 conclusory or inherently incredible, a court has the discretion to dismiss the claim without an

20 evidentiary hearing).  Further the record shows petitioner's waiver was not 'involuntary."  The

21 Plea Agreement signed by petitioner provides, "Defendant agrees that he has entered into this Plea

22 Agreement freely and voluntarily, and that no threats or promises, other than the promises

23 contained in the plea agreement, were made to induce Defendant to enter this plea agreement."

REPORT AND
RECOMMENDATION – 5

1  CR. 14 at 8.  The record further reveals that between petitioner's guilty plea in December of 2009

2  and his sentencing in March of 2010, he never once asserted that his plea was "involuntary."

3          Accordingly, the Court finds petitioner's § 2255 motion should be dismissed because the

4  waiver of the rights to appeal or bring a collateral attack is unambiguous and was knowingly and

5  voluntarily made.

6  **III.    Petitioner's Claims Have no Merit**

7          Even if petitioner had not waived his right to appeal or bring a collateral attack, his § 2255

8  motion should be dismissed because all of his claims lack merit.

9          **A.    Claim One**

10         Petitioner argues in claim one that his plea agreement was not "knowing and voluntary"

11  because he was not informed of "the full range of punishment to which he was exposed" and there

12  was no "adequate factual basis for his plea."  Dkt. 1 at 5.  The record contains no support for this

13  claim.  The plea agreement clearly set forth the maximum penalties petitioner faced—six months

14  for count one and twenty-four months for count two.  CR. 14 at 2-3.  Petitioner was thus made

15  aware of these penalties and in fact later referenced them in his own sentencing memorandum.  CR.

16  18 at 5.  At no time prior to or during sentencing did petitioner ever indicate he did not understand

17  the maximum sentence he faced.

18         Petitioner's assertion that there is no factual basis for the plea is utterly without merit.  The

19  statement of facts contained in the plea agreement sets forth a fully adequate factual basis for

20  petitioner's plea.  Those facts are as follows:

21              (a) My true name is Fidencio Rodriguez-Hernandez.  I am a citizen
                of Mexico. I was born in Mexico in 1984.

22
                (b)  I made an unlawful entry into the United States, at or near San
23              Ysidro, California, on or about March 27, 2004, by eluding
                examination and inspection by Immigration officials.

REPORT AND
RECOMMENDATION – 6

(c)  I was deported/removed on March 29, 2005, at El Paso, Texas. After that deportation, I made another unlawful entry into the United States on or about April 10, 2005, at or near Tecate, California, by eluding examination and inspection by Immigration officials.

(d)  I was convicted in the Superior Court of Washington for Cowlitz County, in cause number 03 - 1- 01009 -7, for the offense of delivery of heroin and sentenced to a term of imprisonment of 15 months on September 4, 2003.

(e)  On or about November 8, 2009, I was found in Everson, Washington, by Immigration Officials when I was arrested during a traffic stop made by the Everson Police Department. I have never had permission to enter the United States from any United States official, including the Secretary of the Department of Homeland Security. I entered the United States knowingly and voluntarily.

CR. 14 at 6.

In claim one petitioner also argues there was a "breach of the plea agreement justifying reversal of Movant's conviction or sentence."  However, he presents nothing to show a breach occurred.  The record contains no indication the government breached any of the terms of the plea agreement.  In fact, the government ultimately recommended a sentence that was lower than the sentence it promised to recommend in the plea agreement.  As there is no evidence to support petitioner's contentions, the Court recommends claim one be dismissed with prejudice.

**B.      Claim Two**

In this claim, petitioner argues that his "within-guideline sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18. U. S. C. § 3553(a)."  Petitioner faced statutory maximum sentences of six and twenty-four months for Counts I and II, respectively. He agreed his Guideline range was forty-one to fifty-one months.  Accordingly, his Guideline range is thirty months under USSG § 5G1.2.  Because petitioner received a below Guideline sentence of twenty months, this argument has no merit and claim two should be dismissed with prejudice.

REPORT AND
RECOMMENDATION – 7

**C.     Claim Three**

In claim three, petitioner states "[t]he sentencing court committed reversible error, and Movant unknowingly, and involuntarily waived his right to appeal his sentence as part of the plea agreement." Petitioner argues his sentence should be reversed because "he invalidly waived his right to appeal" and his plea was "unlawfully induced." Dkt. 1 at 8. However, if petitioner's plea was "unlawfully induced," his remedy is to permit him to withdraw his guilty plea, not to grant him a resentencing. Petitioner, of course, has not sought to withdraw his plea because if he did, the plea agreement he entered into would be void. The government would then be free to charge him with the more serious crime of illegal reentry after deportation under 8 U.S.C. § 1326, which carries a statutory maximum of at least ten years in prison. Because petitioner failed to identify any sentencing errors in this claim and because he does not seek to withdraw his guilty plea, claim three should be dismissed with prejudice.

**D.     Claim Four**

In this claim, petitioner argues the sentencing court erred in failing to consider as mitigating factors his "ineligibility for minimum security confinement, drug program, and pre-release custody as a result of his status as a deportable alien." The record contains no indication that petitioner raised this argument at sentencing. Thus, petitioner cannot now claim the sentencing court erred when he did not raise these issues at the time of sentencing. *See U.S. v. Si*, 343 F.3d 1116, 1128 (9th Cir. 2003). Accordingly, this claim should be dismissed with prejudice.

**E.     Claim Five**

In claim five, petitioner argues the "36-months sentence of imprisonment imposed by the court was unreasonable" because it was based on a Guideline provision that relies on a prior conviction and does not account for petitioner's personal circumstances which include having "one

REPORT AND
RECOMMENDATION – 8

1   prior conviction" for a drug crime involving a small amount of drugs.  Dkt. 1 at 11.  This argument

2   fails on its face.  First, the sentencing court sentenced petitioner to twenty months of prison, not

3   thirty-six months.  Second, the sentence a court imposes is reasonable if no procedural errors were

4   committed and if the sentence is substantively reasonable.  *United States v. Carty*, 520 F.3d 984,

5   993 (9th Cir. 2008) (en banc).  Nothing in the record shows the court erred in calculating

6   petitioner's sentencing range under the Guidelines, or failed to consider the § 3553(a) factors and

7   advisory nature of the Guidelines, facts which would establish procedural error.  Hence, the sole

8   issue is whether petitioner's sentence is substantively reasonable.  Here, the sentencing court

9   considered petitioner's arguments.  Petitioner argued in his sentencing memorandum that his

10  personal circumstances compelled a lower sentence.  Petitioner discussed that he was poor, had a

11  family whom he loved, had minimal criminal history, and became addicted to heroin which

12  "culminated in low level dealing of heroin and an arrest and conviction in Kelso, Washington" for

13  selling less than six grams of heroin to an undercover informant.  CR. 18 at 3.  During sentencing,

14  petitioner's counsel also argued that the sentencing guideline applicable to petitioner's case was

15  designed for more serious offenders than petitioner, overstating the sentence to be imposed in

16  petitioner's case.  *Id.* at 6-8.  Additionally, the government urged the court to impose a sentence

17  below twenty-nine months because petitioner had only one prior drug offense that was seven years

18  old on his record, but this single offense had caused a significant increase in the Guideline range.

19  CR. 19 at 3.

20          In *Rita v. United States*, 551 U.S. 338, 347 (2007), the Supreme Court held that a court of

21  appeals may presume that the sentence is reasonable when a district judge's discretionary decision

22  accords with the sentence that the Commission deems appropriate.  Although the Ninth Circuit has

23  not adopted the "presumption of reasonableness" for sentences imposed within the Guidelines

REPORT AND
RECOMMENDATION – 9

range, the law of the circuit nonetheless is that "that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *Carty*, 520 F.3d at 988.  After considering the parties' arguments and petitioner's circumstances, the Court sentenced petitioner to twenty months, five months lower than the sentence requested by the government and the probation department, and also lower than the Guideline range.  Given these circumstances, petitioner's claim of an unreasonable sentence is groundless and should be dismissed.

### F.    Claim Six

In this claim, petitioner argues the Court erred by finding that his past conviction in a drug trafficking offense was an aggravated felony under USSG § 21.2(b)(1)(c).  Dkt. 1 at 12.  Relying on *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), petitioner argues his "last conviction for simple assumed involvement of possession was not a trafficking crime and thus not an aggravated felony."  Dkt. 1 at 12.  In *Carachuri-Rosendo* the Supreme Court addressed whether a misdemeanor drug possession offense committed after the conviction for a first misdemeanor possession offense became final is always an aggravated felony for purposes of deportation proceedings.  *Carachuri-Rosendo,* 130 S.Ct. at 2580.  The Supreme Court held that "second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when, as in this case, the state conviction is not based on the fact of a prior conviction."  *Id.*

*Carachuri-Rosendo* thus lends no support to petitioner's claim because petitioner's prior conviction was a trafficking offense, not mere possession.  Petitioner's attempts to argue otherwise are meritless.  Petitioner stipulated in his plea agreement that he was convicted of Delivery of Heroin in Cowlitz County Superior Court and sentenced to fifteen months in prison.  He affirmed this fact in his sentencing memorandum by acknowledging he sold six grams of heroin to an undercover informant and went to prison.  A drug trafficking offense means an offense that

REPORT AND
RECOMMENDATION – 10

1   prohibits the distribution, dispensing or offer to sell a controlled substance.  *See*  USSG §

2   21.2(b)(1)(c), comment (n.1(B)(iv)).  Because the sale of heroin is a drug-trafficking offense,

3   petitioner's arguments under *Carachuri-Rosendo* are of no merit and should be dismissed.

4   **IV.    Need for an Evidentiary Hearing**

5           If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to

6   warrant summary dismissal, a court need not hold an evidentiary hearing.  *Shah v. United States*,

7   878 F.2d 1156, 1158 (9th Cir.1989) (internal citations omitted), *cert. denied*, 493 U.S. 869,

8   (1989).  Because petitioner waived his right to collaterally attack his sentence and his claims are

9   meritless, the Court need not conduct an evidentiary hearing.

10  **V.    Certificate of Appealability**

11          A prisoner seeking post-conviction relief under § 2255 may appeal a district court's

12  dismissal of the motion only after obtaining a certificate of appealability (COA) from a district or

13  circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of

14  the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard

15  "by demonstrating that jurists of reason could disagree with the district court's resolution of his

16  constitutional claims or that jurists could conclude the issues presented are adequate to deserve

17  encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

18          Under this standard, the Court finds that no reasonable jurist would conclude petitioner's

19  claims have merit or deserve encouragement to proceed further.  Pursuant to Rule 11 of the Rules

20  Governing § 2255 cases, the Court recommends that the district court deny issuance of a COA on

21  petitioner's claims if it dismisses the § 2255 petition.  Petitioner should address whether a COA

22  should be issued in his written objections, if any, to this Report and Recommendation.

23

REPORT AND
RECOMMENDATION – 11

**CONCLUSION**

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to vacate or correct his 2010 federal court sentence be **DENIED** and that the Court not issue a COA.  A proposed order accompanies this Report and Recommendation.

DATED this 9th day of November, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 12